**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4483

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS LEON CLAY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00492-WO-1)

Submitted:  August 31, 2022                          Decided:  September 2, 2022

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Leon Clay pleaded guilty to three counts of distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and the district court sentenced him to 42 months' imprisonment. On appeal, Clay challenges the substantive reasonableness of his sentence. For the following reasons, we affirm Clay's criminal judgment.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). When imposing a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it

2

chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). Therefore, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Although not challenged by Clay, we must still review the issue of procedural reasonableness before considering substantive reasonableness. *Provance*, 944 F.3d at 218. Here, at the outset of the sentencing hearing, the district court correctly found that the advisory Guidelines range was 37 to 46 months' imprisonment. Clay contends that the court instead departed downward to a Guidelines range of 30 to 37 months' imprisonment and then varied upward to impose a non-Guidelines sentence of 42 months' imprisonment. We conclude that although the court considered departing downward, it did not in fact do so. Furthermore, the court gave the parties ample opportunity to state their positions, thoroughly considered the § 3553(a) factors, and explained its reasons for imposing the chosen sentence. Therefore, the sentence is procedurally reasonable.

Next, Clay contends that his sentence is substantively unreasonable in light of his history and personal characteristics. Clay highlights his unstable upbringing, intellectual impairment, mental illness, and drug use. We conclude that Clay fails to overcome the presumption of reasonableness afforded his within-Guidelines-range sentence. As the district court noted, Clay has a lengthy criminal history, including previous drug and

3

firearm convictions. The court acknowledged Clay's struggles but, in the end, determined that a 42-month sentence was sufficient, but not greater than necessary, given the seriousness of Clay's offense conduct, his criminal history, and the need for deterrence. Clay fails to show how the court erroneously weighed any of the § 3553(a) factors in reaching this conclusion.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*